IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SIR JAMES WILLIAMS,

    Petitioner,

v.

KEVIN DOOHAN, Parole Officer,
MICHAEL WU, Chairperson Oregon Board
of Parole and Post-Prison Supervision,

    Respondents.

Case No. 3:17-cv-00319-MA

OPINION AND ORDER

MARSH, Judge

    Petitioner Sir James Williams, a prisoner in the custody of the Oregon Department of Corrections[1], brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Am. Pet., ECF No. 5. For the reasons that follow, the court denies the petition because it is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), and no basis exists for equitable tolling.

////

////

---

[1] Petitioner was released from incarceration on December 23, 2016, and remains on post-prison supervision.

1 - OPINION AND ORDER

## BACKGROUND

On April 15, 2009, a jury convicted Petitioner of one count of Rape in the First Degree and two counts of Sexual Assault in the First Degree. Resp't Ex. 101 at 3, ECF No. 16. On April 22, 2009, Petitioner was sentenced to a total of 100 months, to be followed by a period of post-prison supervision. *Id.* at 5.

On July 29, 2009, Petitioner filed a direct appeal. Resp't Ex. 104 at 10. The Oregon Court of Appeals affirmed his conviction without opinion, the Oregon Supreme Court denied review, and the appellate judgment issued on November 23, 2011. Resp't Exs. 106, 107, 108.

On April 12, 2012, Petitioner filed a state petition for post-conviction relief (PCR), alleging claims of ineffective assistance of counsel.[2] Resp't Ex. 111. The trial court denied post-conviction relief. Resp't Ex. 122. The Oregon Court of Appeals affirmed without opinion, the Oregon Supreme Court denied review, and the appellate judgment issued on March 10, 2016. Resp't Exs. 128, 129.

On February 23, 2017, Petitioner filed his federal habeas petition, alleging one claim of ineffective assistance of counsel. Pet. Writ Habeas Corpus, ECF No. 1. On March 30, 2017, Petitioner filed an amended petition, asserting the same claim. Am. Pet. Writ Habeas Corpus, ECF No. 5. Respondent moves to deny the amended petition on the basis that it is time-bared under 28 U.S.C. § 2244(d)(1). Resp't Resp. Pet., ECF No. 14. Petitioner does not dispute that his petition is untimely. Instead, Petitioner asserts that he is entitled to equitable tolling of the limitation period

---

[2] For purposes of calculating the running of the limitation period, this Court uses the date Petitioner signed his state and federal petitions and presumably handed them to prison officials for mailing. *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("In determining when a *pro se* state or federal petition is filed, the 'mailbox' rule applies.").

and requests an evidentiary hearing to further develop those facts. Pet'r Br. at 5-7, ECF No. 28. Alternatively, Petitioner contends that dismissal of this proceeding on statute of limitations grounds would constitute an unreasonable suspension of the writ of habeas corpus.

## DISCUSSION

### I. The One-Year Statute of Limitation

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of 28 U.S.C. § 2244, the limitations period does not begin until expiration of the ninety-day "period within which a Petitioner can petition for a writ of certiorari from the United States Supreme Court, whether or not the Petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also Sossa v. Diaz*, 729 F.3d 1225, 1227 (9th Cir. 2013). The limitation period is tolled during the time a properly filed state PCR petition is pending. 28 U.S.C. § 2244(d)(2). A PCR petition is "pending until it has achieved final resolution through the State's post-conviction procedure." *Biggs v. Duncan*, 339 F.3d 1045, 1047-48 (9th Cir. 2003) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)) (internal quotations omitted). The statute of limitations is not tolled "from the time a final decision is issued on a direct state appeal [to] the time the first state collateral challenge is filed.'" *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (quoting *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (alteration in original)).

In this proceeding, the appellate judgment on Petitioner's direct appeal of his conviction issued on November 23, 2011. Resp't Ex. 108. Thus, the limitation period began to run on February 21, 2012 (accounting for the ninety days allowed to file a *certiorari* petition). Between February 21, 2012 and April 12, 2012 (the date Petitioner signed his PCR petition), 50 days accrued. The PCR appellate judgment issued on March 10, 2016. At that time, 315 days remained on the limitation clock, and Petitioner could have filed a timely habeas petition on or before January 19, 2017. However, Petitioner did not file his habeas petition until February 23, 2017, which was 350 days after the PCR appellate judgment entered. Hence, Petitioner filed his habeas petition 35 days after the one-year period lapsed, and the petition is untimely.

## II. <u>Equitable Tolling</u>

*A. Standards*

The one-year limitations period may be equitably tolled upon a showing that (1) Petitioner pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). Equitable tolling is a fact-specific inquiry. *Holland*, 560 U.S. at 650; *Fue*, 842 F.3d at 654; *Gibbs v. Legrand*, 767 F.3d 879, 885 (9th Cir. 2014). The threshold necessary to trigger equitable tolling is very high, and is reserved for rare cases. *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014); *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003). A petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2014) (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)).

A showing of diligence is required for habeas petitioners in order to "ensure that the extraordinary circumstances faced by Petitioners[,] . . . and not their lack of diligence – were the cause of the tardiness of their federal habeas petitions." *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006). If the petitioner did not exercise reasonable diligence in attempting to file under the circumstances, "'the link of causation between the extraordinary circumstances and the failure to file is broken.'" *Roy*, 465 F.3d at 973 (quoting *Spitsyn*, 345 F.3d at 800 (internal quotations omitted)). The equitable tolling standard for diligence is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653; *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011). The Supreme Court has recognized certain affirmative actions, taken in a timely manner, as establishing reasonable diligence both before and after extraordinary circumstances arise. For example, the Supreme Court held that a petitioner who wrote numerous letters to his attorney, contacted others associated with the courts, and filed a *pro se* petition immediately after learning that the AEDPA statute of limitations had expired, exercised diligence. *See Holland*, 560 U.S. at 654. Conversely, a petitioner who waited several months without valid justification to file a habeas petition did not demonstrate diligence, and was denied equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

The Ninth Circuit has found "extraordinary circumstances" in a variety of cases, including mental impairment, *Bills*, 628 F.3d at 1101; egregious attorney misconduct, *Holland*, 560 U.S. at 651-52; lack of access to legal materials, *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005); and lack of knowledge of case resolution, *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). In the instant case, Petitioner asserts the 315-day period after his PCR action concluded and he filed his federal habeas petition should be equitably tolled because (1) the difficulty he had

5 - OPINION AND ORDER

in filing his federal habeas petition from prison, (2) his young age and lack of understanding of complex legal issues, and (3) lack of prejudice to the State. Pet'r's Br. at 5.

*B.    Analysis*

Petitioner does not specify what particular "difficulty" prevented him from timely filing his habeas petition in federal court while he was incarcerated in state prison. Petitioner simply contends that he was delayed in filing his petition because he wanted to "ensure that he properly pled his claims and framed his federal petition." *Id.* Petitioner's broad-based allegations simply do not constitute the type of "extraordinary circumstance" that justifies applying equitable tolling. *Ramirez*, 571 F.3d at 998 (holding "[o]rdinary prison limitations on [a prisoner's] access to the law library and copier" do not constitute extraordinary circumstances).

Furthermore, Petitioner's suggestion that his young age (19) at the time of the underlying crimes and lack of legal knowledge somehow prevented him from timely filing his federal habeas petition is without merit. *See* Resp't's Ex. 124 at 8 n.2. Although the crimes occurred in 2008 when Petitioner was 19 years old, Petitioner was approximately 27 years old at the time the relevant limitations period was running. *See Coleman v. Ryan et al.*, Case No. CV-17-2763-PHX-DGC (JCM), 2018 WL 3543914, at *11 (D. Ariz. June 15, 2018) (holding prisoner's age of 22 at the time the statute of limitations was running was not an extraordinary circumstance that justified application of equitable tolling). And, a prisoner's inability to correctly calculate the limitations period is not an extraordinary circumstance. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "*pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Thus, Petitioner has not demonstrated that his age or lack of legal sophistication singly or in combination are extraordinary circumstances warranting

equitable tolling. *See Hodge v. Swarthout*, Case No. CV 12-8436-DOC (CW), 2013 WL 4789737, at *7 (C.D. Cal. Sept. 4, 2013) (finding prisoner failed to demonstrate that his age and lack of legal sophistication prevented him from filing his federal petition on time).

Petitioner summarily contends that because he was convicted of serious sex offenses requiring lifelong registration, equitable tolling should apply. Petitioner fails to offer any details of how his sex offender status caused him any delay in timely filing his federal habeas petition. Petitioner's sex offender status is not an extraordinary circumstance beyond his control. *See, e.g., Martinez v. Sullivan*, Case No. CV 16-09128-ODW (JDE), 2017 WL 4220434, at *5 (C.D. Cal. Aug. 11, 2017) ("Petitioner's difficulty in researching his claims and obtaining assistance due to his sex offender status do not constitute extraordinary circumstances beyond his control."); *Samperio v. Martel*, Case No. 1:10-CV-01528 LJO SMS HC, 2011 WL 847412, at *3 (E.D. Cal. Mar. 4, 2011) ("Petitioner's status as a convicted sex offender is not an extraordinary circumstance beyond his control. . . . [I]t is Petitioner's own actions, not some external circumstance, that caused him to have this status."). Petitioner's conclusory allegations do not demonstrate the requisite causal connection between his sex offender status and his delay in timely filing his federal habeas petition to warrant equitable tolling. *See Fox v. Holland*, Case No. 15-cv-02134 YGR, 2016 WL 4943003, at *5 (N.D. Cal. Sept. 16, 2016) (holding sex offender status was not extraordinary circumstance warranting equitable tolling).

Petitioner also argues that the absence of prejudice should be considered when assessing whether equitable tolling should be applied to Petitioner's case, citing *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). According to Petitioner, the State will not be prejudiced by the 35-day delay in filing his federal habeas petition, he has served his entire sentence, and his single claim is fully

exhausted, all factors that warrant applying equitable tolling in order to reach the merits of his case. The Court disagrees for multiple reasons.

First, *Allen* is an out of circuit case, and therefore not controlling. Unlike the Ninth Circuit, the Sixth Circuit considers five factors when determining whether to apply equitable tolling to untimely filed habeas petitions, including the absence of prejudice to the party opposing the habeas petition. *Allen*, 366 F.3d at 401 (identifying the factors to consider as: (1) petitioner's lack of notice of filing requirement; (2) petitioner's lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim). Second, as the *Allen* court itself emphasized, the "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Id.* at 401-02; *Pinchon v. Myers*, 615 F.3d 631, 641 (6th Cir. 2010). In his briefing to this Court, Petitioner fails to identify how he satisfies any of the factors outlined in *Allen* that would justify considering the absence of prejudice to the State in the present case. And third, to the extent that Petitioner suggests that simply because he was only 35 days late in filing his federal habeas petition, the statute of limitations should not apply to him, this argument is rejected. *See Shorb v. Nooth*, 727 Fed. App'x 442, 443 (9th Cir. June 21, 2018) (holding prisoner was not entitled to one court day of equitable tolling where prison mail system delays and attorney error did not amount to "extraordinary circumstances" that prevented timely filing of habeas petition).

Lastly, the record reflects a lack of diligence. Even if extraordinary circumstances existed here, Petitioner has failed to demonstrate that he diligently pursued his right to file a habeas petition. Petitioner offers no explanation for why he waited 350 days from the date his appellate judgment

issued to file his federal habeas petition. Waiting too long to file a habeas petition shows a lack of diligence. *Pace*, 544 U.S. at 419; *Guillory v. Roe*, 329 F.3d 1015, 1017 (9th Cir. 2003). Petitioner has not demonstrated that he has been diligently pursuing his rights justifying equitable tolling.

In summary, Petitioner has failed to meet his heavy burden of demonstrating that he has been pursuing his rights diligently and that some extraordinary circumstances prevented him from timely filing his federal petition. *Holland*, 560 U.S. at 649; *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002). Consequently, his petition in untimely.

### III. <u>Evidentiary Hearing</u>

Petitioner asks this Court to conduct an evidentiary hearing to assess whether equitable tolling should apply. Pet'r's Br. at 8. Petitioner contends that he would testify that he received "poor quality [ ] legal assistance at DRCI." *Id.* Even if credited, however, this testimony would not establish the basis for equitable tolling. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir.1999) (stating that if prisoner's claim can be resolved on existing record, evidentiary hearing is unnecessary). Aside from his purported testimony that he received "poor quality" legal assistance at the prison, Petitioner fails "to show what more an evidentiary hearing might reveal of material import" concerning the applicability of equitable tolling. *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002). Petitioner did not assert, much less offer any evidence, that the poor quality of legal assistance that he received at DRCI prevented him from timely filing his federal habeas petition. *Compare Anguiano-Magana v. Franke*, Case No. 3:11-cv-00131-PK, 2012 WL 6203163, at *4-5 (D. Or. Nov. 14, 2012) (finding that although prisoner spoke Spanish, did not have Spanish legal materials, but he was provided with translation services during relevant period and thus no evidentiary hearing necessary) *with Mendoza v. Carey*, 449 F.3d 1065, 1070-71 (9th Cir. 2006)

9 - OPINION AND ORDER

(holding prisoner entitled to evidentiary hearing where lack of English language ability, denial of access to Spanish-language law materials, and lack of access to translator during the running of limitations period may entitle prisoner to equitable tolling). Petitioner has not presented any evidence beyond a bare allegation, and thus is not entitled to an evidentiary hearing. *See, e.g., Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (finding that "if the record . . . otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing"); *Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003) (finding petitioner failed to establish he would produce more or different evidence at a hearing than what was before the court); *Anderson v. Nooth*, Case No. 2:14-cv-01916-SB, 2016 WL 6496454, at *4 (D. Or. Aug. 12, 2016) (holding that prisoner not entitled to evidentiary hearing on equitable tolling where no verified pleading or good-faith factual allegation asserted). Petitioner's request for an evidentiary hearing is denied.

IV. **Dismissal Does Not Violate Suspension Clause**

Petitioner contends that dismissal of this proceeding under 28 U.S.C. § 2244(d)(1) on statute of limitations grounds is an unconstitutional suspension of the Writ of Habeas Corpus under "Article I, Section 9, Clause 2." Pet'r's Br. at 8. Petitioner recognizes that similar Suspension Clause arguments have been rejected by the Supreme Court and the Ninth Circuit, but nevertheless raises an "as applied" challenge in an effort to preserve the issue for appeal.

The Ninth Circuit has repeatedly rejected the argument that § 2244(d)(1) violates the Suspension Clause. *See, e.g., Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding § 2244(d)(1) is a limitation, not a suspension of the writ of habeas corpus); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (finding § 2244(d)(1) is not jurisdictional and subject to equitable tolling, therefore habeas remedy is not inadequate or ineffective and Suspension Clause is not implicated).

Petitioner has not demonstrated any basis warranting application of equitable tolling. The AEDPA limitations period did not preclude Petitioner from seeking redress through a habeas petition; Petitioner failed to act diligently in pursuing it. Dismissal of this proceeding on the basis that the petition is untimely under § 2244(d)(1) does not implicate the Suspension Clause.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (ECF No. 5) is DENIED and this action is DISMISSED. A Certificate of Appealability is denied because reasonable jurists could not debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED this __1__ day of AUGUST, 2018.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge